ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| CARLOS SANTIAGO GUZMÁN<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA (JLBP)<br><br>Recurrido | TA2025RA00421 | *Revisión Judicial* procedente de la Junta de Libertad bajo Palabra<br><br>Sobre: Mandamus |
| --- | --- | --- |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

Carlos Santiago Guzmán, miembro de la población correccional (parte demandante o señor Santiago Guzmán), comparece ante nosotros por derecho propio mediante un escrito titulado *Mandamus*. En este solicita que le ordenemos a la Junta de Libertad Bajo Palabra de Puerto Rico a realizar una vista para cuestionar la revocación del privilegio de libertad bajo palabra en el año 1987.

Junto al recurso, el demandante incluyó una *Declaración en Apoyo de Solicitud para Litigar como Indigente (In forma pauperis)*. Evaluada esta, se acepta su comparecencia como indigente según solicitada.

Por los fundamentos que exponemos, denegamos el auto de *mandamus*.

### I.

En el recurso presentado el 22 de diciembre de 2025, el señor Santiago Guzmán alegó que para el año 1985 o 1986 fue trasladada su libertad bajo palabra del estado de New Jersey a

Puerto Rico.  Adujo que para el año 1987 violentó su libertad bajo palabra en Puerto Rico y fue sentenciado a noventa y nueve (99) años.  Alegó que la Junta de Libertad Bajo Palabra no le citó para una vista, como lo requería la ley administrativa.  Mencionó que la Junta de Libertad Bajo Palabra del estado de New Jersey no tiene nada que ver porque Puerto Rico tomó la responsabilidad al aceptar el traslado.  Solicita que se le aclare su estatus en Puerto Rico y se celebre una vista pues por muchos años ha estado en el olvido.  Razonó que se le violentó sus derechos al no haber tenido su día en corte.[1]

Dadas las particularidades de este caso, prescindimos de escritos posteriores conforme la facultad que nos concede la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025), 4 LPRA Ap. XXII-B.

## II.

## A.

El Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, establece:

> El auto de mandamus es un auto altamente privilegiado dictado por el Tribunal Supremo del Estado Libre Asociado, o por el Tribunal de Primera Instancia de Puerto Rico [...] dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría dentro de su jurisdicción requiriéndoles para el cumplimiento de algún acto que en dicho auto se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo*.*

---

[1] Recibido el recurso, revisamos nuestro sistema electrónico[1] y encontramos que Santiago Guzmán había presentado, en este foro intermedio, un recurso similar en la causa asignada al TA2025RA00122.  El 8 de septiembre de 2025, nuestro panel desestimó el recurso porque el recurrente no cumplió con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos. Esto, porque no proveyó un apéndice que nos permita acreditar las gestiones que se hicieron ante el foro adjudicativo y de esa manera constatar nuestra propia jurisdicción para atender el asunto. Además, expresamos que, "el reclamo que aparenta ser en extremo tardío, pues parece referirse a un proceso llevado a cabo en el 1987. De modo que, no nos puso en posición para atender su reclamo."

El Tribunal de Apelaciones podrá conocer en primera instancia una petición de *mandamus.* Art. 4.006 (d) de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24y; Regla 55 del Reglamento del Tribunal de Apelaciones, *supra*.

Así pues, el *mandamus* es el recurso para requerir a un funcionario el cumplimiento de un acto que la ley le ordena, cuando ese deber no admite discreción en su ejercicio. Por lo tanto, el requisito primordial es que se trate de un deber ministerial impuesto por ley. Aponte Rosario v. CEE, 205 DPR 407, 427-8 (2020); AMPR v. Srio. Educación, ELA, 178 DPR 253, 263 (2010).

Además, el *mandamus* solo debe expedirse cuando el peticionario carece de "un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; Regla 54 de las de Procedimiento Civil, 32 LPRA Ap. V R. 54; Kilómetro 0 v. Pesquera López et al, 207 DPR 200, 214 (2021).   Ahora bien, el auto de *mandamus*, como lo expresa la ley, es uno "altamente privilegiado". Esto significa que su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. AMPR v. Srio. Educación, ELA, *supra*, pág. 266-7.   Por consiguiente, la expedición del recurso "[n]o procede cuando hay un remedio ordinario dentro del curso de ley, porque el objeto del auto no es reemplazar remedios legales sino suplir la falta de ellos". Íd.

El procedimiento para la expedición de un auto de *mandamus* está expuesto en la Regla 55 de las de Procedimiento Civil, 32 LPRA Ap. V y por nuestra jurisprudencia. AMPR v. Srio. Educación, ELA, *supra*, pág. 267.  En términos procesales, se ha reconocido que debe existir un requerimiento previo por parte del

peticionario hacia el demandado para que éste cumpla con el deber exigido, salvo algunas excepciones. Íd. Debe alegarse en la petición, tanto el requerimiento como la negativa, o la omisión del funcionario en darle curso. Sólo se exime de este requisito: 1) cuando aparece que el requerimiento hubiese sido inútil e infructuoso, pues si de haberse hecho hubiese sido denegado; o 2) cuando el deber que se pretende exigir es uno de carácter público, a diferencia de uno de naturaleza particular, que afecta solamente el derecho del peticionario. AMPR v. Srio. Educación, E.L.A., *supra*, citando al profesor David Rivé Rivera, Recursos Extraordinarios, 2da ed., San Juan, Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, 1996, pág., 125.

De otra parte, como requisito de forma, no solamente se requiere que la petición esté dirigida a la persona obligada al cumplimiento de un acto, sino que debe estar juramentada por la parte que promueve su expedición. Así lo dispone la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, cuando expresa lo siguiente: "el auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto**".

Además, nuestro ordenamiento requiere que la parte demandada sea **emplazada**, a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Véase la Regla 55 (J) del Reglamento del Tribunal de Apelaciones, *supra*, R. 55 (J).

Sin embargo, cuando se trate de una petición de *mandamus* dirigida a un juez o jueza bastará con que el peticionario le notifique con copia del escrito de *mandamus* en conformidad a lo dispuesto en la Regla 13 (B) de nuestro Reglamento, *supra*, R. 13 (B). *Íd*. A su vez, deberá notificarles a

las demás partes del pleito que originó la petición de *mandamus* y al tribunal en el que se encuentre pendiente. *Íd.* La aludida Regla 55 (D) del Reglamento del Tribunal de Apelaciones también exige que, cualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento, debe unirse al final de la petición como apéndice.

**B.**

La Constitución de Puerto Rico, en la Sección 19 del Artículo VI, establece como política pública que el Estado habrá de: "...reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sección 19, Const. PR, LPRA, Tomo 1.

En este contexto la Ley Núm. 118 de 22 de julio de 1974, según enmendada, 4 LPRA sec. 1501, *et seq*. creó la Junta de Libertad Bajo Palabra, adscrita al Departamento de Corrección y Rehabilitación. Artículo 1 de la Ley Núm. 18, 4 LPRA sec. 1501. La Junta tiene el poder de conceder a cualquier persona recluida en una institución correccional del país el privilegio de cumplir la última parte de su condena en la condición de libertad bajo palabra. Benítez Nieves v. ELA et al., 202 DPR 818, 825 (2019). Es importante señalar que el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio, cuya concesión y administración recae en el tribunal o en la Junta de Libertad Bajo Palabra. Quiles v. Del Valle, 167 DPR 458, 475 (2006); Pueblo v. Negrón Caldero, 157 DPR 413, 420 (2002), Pueblo v. Zayas Rodríguez, 147 DPR 530, 536 (1999).

Al conceder el privilegio, la Junta puede imponer las condiciones que estime necesarias. Benítez Nieves v. ELA et al., *supra*; ver, además, Artículo 3 de la Ley 118, 4 LPRA sec. 1503.

En caso de incumplimiento a las condiciones, el Artículo 5 de la Ley 118, 4 LPRA sec. 1505, dispone el procedimiento para el arresto de personas en libertad condicional y la revocación de la libertad condicional.  El referido artículo, dispone que, "[l]a Junta o cualquiera de sus miembros quedan autorizados, previa investigación preliminar de la Administración de Corrección que revele infracción de alguna condición de la libertad bajo palabra, para ordenar el arresto y la reclusión de cualquier liberado, para que sea confinado en la institución que designe el Administrador de Corrección." Más adelante, el Artículo 5 agrega que, "[l]a Junta promulgará las reglas y reglamentos que crea convenientes para el mejor cumplimiento de lo dispuesto en este Artículo."  Íd.

El Artículo 6 de la Ley 118, supra, 4 LPRA sec. 1506, faculta a los miembros de la Junta y a los examinadores que la Junta designe a tomar juramentos, citar testigos, así como, a celebrar vistas de investigaciones, de concesión o revocación de libertad bajo palabra, entre otros.

### III.

Según podemos concebir del recurso intitulado *Mandamus* que instó el señor Santiago Guzmán, este solicita que la Junta de Libertad Bajo Palabra celebre una vista para aclarar su estatus en Puerto Rico, luego de que fuera trasladado del estado de New Jersey.  Adujo que en el año 1987 violentó su libertad bajo palabra y fue sentenciado a noventa y nueve (99) años.

Evaluado el recurso, determinamos denegar el auto solicitado. El auto de *mandamus* es uno privilegiado, cuya concesión descansa en la discreción del juez.  Se puede solicitar,

siempre que se hubiese realizado un previo requerimiento a la persona obligada al cumplimiento de un acto que se exprese en el recurso y esté dentro de sus funciones.[2]  Además, la petición del recurso debe ser debidamente jurada conforme lo establece la Regla 54 de Procedimiento Civil, *supra* y su presentación requiere el debido emplazamiento.

Luego de examinar el recurso, es evidente que este adolece de defectos que impiden nuestra función revisora.  No surge que el peticionario hubiese juramentado su solicitud de *mandamus.* De su contenido tampoco surge que Santiago Guzmán, previo a acudir a nuestro foro, le requiriera a la Junta de Libertad Bajo Palabra que realizara algún deber y este no fue cumplido.  Más aun, el recurso no contiene apéndices que evidencien lo anterior y que, además, se cumplió con el requisito del emplazamiento*.* Como el señor Santiago Guzmán no cumplió con los requisitos básicos establecidos para la consideración y expedición del auto de *mandamus*, procede denegarlo.

Independientemente a lo anterior, al demandante le corresponde demostrar que carece de un recurso adecuado y eficaz en el curso ordinario de la ley[3].  Ello es, porque el objeto del auto de *mandamus* no es reemplazar remedios legales sino suplir la falta de ellos.

En el recurso que atendemos, el demandante aludió a un proceso de libertad bajo palabra que presuntamente se llevó a cabo en el año 1987.  En esas circunstancias, es la Junta de Libertad Bajo Palabra el ente designado en Ley para atender esos procedimientos.  A esta fecha, ha transcurrido más de treinta y cinco años, desde el evento cuya intervención se nos solicita y el

---

[2] Artículo 649 del Código de Enjuiciamiento Civil, *supra*.
[3] Artículo 651 del Código de Enjuiciamiento Civil, *supra.*

demandante no nos ha indicado, ni ha demostrado, que acudió primeramente al ente administrativo para exponer su reclamo. Por tanto, Santiago Guzmán ha tenido a su disposición un remedio adecuado en Ley para plantear los aspectos medulares de la libertad bajo palabra.  Por consiguiente, el recurso extraordinario del *mandamus*, tampoco procede.

**IV.**

Por las razones aquí reseñadas, denegamos el auto de *mandamus*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones